FILED IN CHAMBERS
U.S.D.C. Atlanta

JAN  4 2008

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JO ANN JOHNSON and JUDITH PAISLEY on their behalf and those similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:06-CV-2430-ODE |
| WELLPOINT, INC., THE WELLPOINT COMPANIES, INC., UNICARE LIFE & HEALTH INSURANCE COMPANY, and WELLPOINT HEALTH NETWORKS, INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## Consent Protective Order

To expedite the flow of discovery material, to facilitate the prompt

resolution of disputes over confidentiality, to adequately protect material entitled to

be kept confidential, and to ensure that protection is afforded only to material

entitled to protection, pursuant to the Court's authority under Federal Rule of Civil

Procedure 26(c) and with the consent of the parties, it is ORDERED:

1.     **Nondisclosure of Confidential Documents or Things**

Except with the prior written consent of the party or other person originally

designating a document or thing as confidential, or as provided under this Order,

no confidential document or thing may be disclosed to any person.  A "confidential document or thing" means any document or thing that bears the legend of or has been marked as "Confidential," or has otherwise been designated in writing as confidential pursuant to this Order, to signify that the document or thing contains information believed to be subject to protection under Rule 26(c).

For purposes of this Order, the terms "document" and "thing" have the same meaning they have in Rule 34(a), whether produced or created by a party or another person; whether inspected without being produced; or whether produced pursuant to Rule 34, subpoena, by agreement, or otherwise.  Interrogatory answers, responses to requests for admission or for production, deposition transcripts and exhibits, pleadings, motions, affidavits or declarations, briefs, and any other court papers that quote, summarize, or contain materials entitled to protection may also be accorded status as a confidential document or thing.  To the extent possible, these documents or things shall be prepared in such a way that the confidential information is bound or filed separately from that not entitled to protection.

## 2.    Permissible Disclosures

Despite the provisions of Paragraph 1, confidential documents or things may be disclosed:  (i) to counsel for the parties or persons who are actively engaged in conducting this action, including in-house counsel; (ii) to the partners, associates,

secretaries, paralegal assistants, and all other employees of counsel to the extent reasonably necessary to render professional services in this action; (iii) to persons (and their agents) with prior knowledge of the documents or things and the confidential information in them; or (iv) to court officials in this action (including court reporters, persons operating video-recording equipment at depositions, any special master appointed by the court, etc.).

Subject to the provisions of subparagraph (c), confidential documents or things may also be disclosed:

(a)     to any person designated by the Court in the interests of justice, upon such terms as the Court may deem proper; or

(b)     to any of the following persons as long as they have signed a form containing the information described  below:  (i) persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; (ii) outside consultants or experts retained for the purpose of assisting counsel in this action; (iii) employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including performing these duties in relation to a computerized litigation support system; or (iv) employees of third-party contractors performing one or more of these

functions.  The form required by this subparagraph must represent that:  (i) the signatory has read and understands this Order; (ii) the signatory understands that unauthorized disclosures of confidential documents or things constitute contempt of court; and (iii) the signatory consents to the exercise of personal jurisdiction by this Court.  A copy of this form is attached as Exhibit "A."

    (c)    Before disclosing confidential documents or things to any person listed in subparagraphs (a) or (b) who may be or is a competitor (or an employee of a competitor) of the party that designated the document or thing as confidential, the party wishing to make the disclosure shall give at least 15 business days' advance notice in writing to counsel for the party that designated the document or thing as confidential.  The notice must:  (i) state the names and addresses of the person(s) to whom the disclosure will be made; (ii) identify with particularity the documents to be disclosed; and (iii) state the purposes of the disclosure.  If, within the 15-day period, a motion is filed objecting to the proposed disclosure, disclosure is not permissible until the Court has denied such motion.  The proponent of confidentiality must satisfy the requirements of Rule 26(c) to maintain confidentiality.

**3.     Declassification**

A party (or an aggrieved person or entity permitted by the Court to intervene) may apply to the Court for a ruling that a document or thing (or category of documents or things) designated as confidential is not entitled to that status or to protection under this Order.  The party or other person designating the document or thing as confidential shall be given notice of the application and an opportunity to respond.  The proponent of confidentiality must satisfy the requirements of Rule 26(c) to maintain confidential status.

**4.     Confidential Information in Depositions**

(a)     During a deposition, a deponent may be shown and examined about confidential documents or things if he or she already knows the confidential information in them or if the provisions of Paragraph 2(d) are complied with. Deponents shall not retain or copy portions of the transcript of their depositions containing confidential information not provided by them or the entities they represent unless they first sign the form prescribed in Paragraph 2(b).  A deponent who is not a party or a representative of a party shall be furnished a copy of this Order before being examined about or asked to produce potentially confidential documents.

(b)     Parties (and deponents) may, within 15 business days after receiving a deposition, designate pages of the transcript and exhibits as confidential. Confidential information within the deposition transcript may be designated by underlining or highlighting (manually or electronically) the portions of the pages that are confidential and either marking such pages as "Confidential" or notifying the opposing party in writing that the portions are confidential. Until the 15-day period expires, the entire deposition will be treated as subject to protection against disclosure under this Order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential unless the portions have previously been designated as confidential. Only the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so designated.

**5.     Confidential Information at Trial**

Subject to the Federal Rules of Evidence, confidential documents or things may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives 15 business days' advance notice to counsel for all parties or other persons designating the document or thing as confidential. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then

- 6 -

determine whether the proffered evidence should continue to be treated as confidential and, if so, what protection, if any, may be afforded to it at trial.

### 6.    Subpoena by Other Courts or Agencies

If another court or an administrative agency should subpoena or order production of confidential documents or things which a party has obtained under the terms of this Order, that party shall immediately notify the party or other person designating the document or thing as confidential about the subpoena or order.

### 7.    Filing

Confidential documents or things need not be filed with the Clerk except when required in connection with motions under Rules 12 or 56 or other matters pending before the Court.  If filed, only the confidential portions shall be filed separately under seal and shall remain sealed as long as they retain their status as confidential documents or things.

### 8.    Client Consultation

Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course of doing so, relying generally on or examining confidential documents or things.  In rendering this advice or otherwise communicating with clients, however, counsel shall not make specific

disclosures of any confidential document or thing except pursuant to the

procedures of Paragraphs 2(b) and (c).

**9.      Prohibited Copying**

      If a document or thing contains information so sensitive that it should not be

copied by anyone, a party or other person shall stamp or otherwise designate in

writing the document or thing as "Copying Prohibited." Applying for relief from

this restriction against copying may be made to the Court, with notice to counsel

for the party or person designating the document or thing as confidential.

**10.     Use**

      Persons obtaining access to confidential documents or things under this

Order shall use the information only for preparation and trial of this action

(including appeals and retrials) and shall not use the document or thing for any

other purpose, including business, governmental, commercial, administrative, or

judicial proceedings.

**11.     Non-Termination**

      The provisions of this Order shall not terminate at the conclusion of this

action. Within 120 days after final conclusion of all aspects of this litigation,

confidential documents or things and all copies of them (other than exhibits of

record), in any form, shall be returned to the party or person producing the

documents or things or, alternatively, at the option of the producer (if it retains at least one copy of the same), destroyed.  All counsel of record shall certify in writing that they have complied with this Paragraph and shall deliver this certification to counsel for the party or person producing the documents or things not more than 150 days after final termination of this action.

**12.    Modification Permitted**

Nothing in this Order shall prevent any party or other person from seeking to modify this Order or from objecting to discovery that it believes to be otherwise improper.

**13.    Responsibility of Attorneys**

The attorneys of record are responsible for using reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of confidential documents or things.  Parties shall not duplicate any confidential document or things except working copies and for filing in Court under seal.

**14.    No Waiver**

Review of confidential documents or things by counsel, experts, or consultants for the parties in this action shall not waive the confidentiality of the documents or things or any objections to production.  The inadvertent,

unintentional, or in camera disclosure of confidential document or thing shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

**15.    No Prejudice**

Nothing contained in this Protective Order, and no action taken pursuant to it, shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents or things sought.

SO ORDERED, THIS ___4___ DAY OF ___Jan.___, 2008.

_____
The Hon. Orinda D. Evans

CONSENTED TO BY PLAINTIFF:

**s/ John Sparks**
John T. Sparks, Jr., Esq.
Georgia Bar No. 669575
AUSTIN & SPARKS
Suite 200
2974 Lookout Place Place, NE
Atlanta, GA  30305
Telephone: (404) 869-0100
Email:  jsparks@austinsparks.com

CONSENTED TO BY DEFENDANTS:

**s/ Craig Cleland**
A. Craig Cleland, Esq.
Georgia Bar No. 129825
Attorney for Defendants

- 10 -

Ogletree, Deakins, Nash, Smoak
   & Stewart, P.C.
2100 Bank of America Plaza
600 Peachtree St.
Atlanta, Georgia  30308
Telephone: (404) 881-1300
e-mail: craig.cleland@ogletreedeakins.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JO ANN JOHNSON and JUDITH PAISLEY on their behalf and those similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:06-CV-2430-ODE |
| WELLPOINT, INC., THE WELLPOINT COMPANIES, INC., UNICARE LIFE & HEALTH INSURANCE COMPANY, and WELLPOINT HEALTH NETWORKS, INC., | ) ) ) ) ) ) | |
| Defendants. | ) | |

EXHIBIT "A"

**Agreement Concerning Confidential Information**

I, [Name of person to whom disclosure will be made], state as follows:

1.     I reside at [Address] in the city and county of [City and County] and state of [State].

2.     I have read and understand the Consent Protective Order dated [Date], which is entered in the above action.

- 12 -

3.    I [am engaged as a consultant or expert, am having my deposition taken in this action, have been interviewed by [Name of interviewer] on behalf of [Name of party] in the preparation and conduct of the litigation, etc.].

4.    I agree to comply with and be bound by the provisions of the Consent Protective Order.

5.    The counsel who have consulted with or retained me have explained the terms of the Consent Protective Order.

6.    I will not divulge to persons other than those specifically authorized by Paragraph 2 of the Consent Protective Order, and I will not copy or use except solely for purposes of this litigation, any confidential document or thing as defined by the Consent Protective Order, except as provided by that Order.

_____
Signature

_____
Print Name

_____
Date